ALABAMA & VICKSBURG RAILWAY COMPANY *v.* JAPHET M. POUNDER ET AL.

1. COMMON CARRIER. *Delay in shipment. Pleading. Negligence.*

A declaration against a common carrier charging an unreasonable and negligent delay in the shipment of freight, describing the freight and the points from and to which and the persons by and to whom the shipment was made, is not demurrable for a failure to state the facts of which the charge of negligence is predicated.

2. SAME. *Delay in shipment. Notice of arrival.*

If a carrier, being under duty by universal and well understood custom to notify the consignee of the arrival of freight at the point to which it has been shipped, negligently delay giving such notice, it will be liable as for a delay in the shipment.

3. SAME. *Consignee's representatives. Demand. Wrong car.*

A carrier, under duty by custom to give notice of the arrival of freight, having knowledge that the consignee has a local agent and business representative at the point to which the goods had been shipped and received and who had repeatedly called therefor, is negligent if it fail to notify such representative of the arrival of the goods, although the agent called for the freight by the wrong car number, if the freight to the knowledge of the carrier had been transferred en route to a car of another number.

4. SAME. *Variance. Appellate practice.*

In an action against a carrier by a consignee for the difference between what the plaintiff would have sold the goods for upon prompt delivery and what he was compelled to sell them for after delayed delivery, a variance between the declaration and the proof as to the name of the purchaser of the goods cannot be availed of for the first time in the supreme court.

FROM the circuit court of, first district, Hinds county.
HON. ROBERT POWELL, Judge.

Pounder and others, appellants, partners doing business under the name "J. M. & C. B. Pounder," were plaintiffs in the court below; the railway company, appellant, was defendant there. From a judgment in plaintiff's favor, the defendant appealed to the supreme court. The opinion of the court states the facts of the case.

*McWillie & Thompson,* for appellant.

The court below manifestly could not have rendered judgment against appellant on the idea that the proof showed a delay in the shipment, and it must have proceeded, in rendering the judgment, upon the idea that there was an unreasonable delay *in delivering the goods after they reached Jackson.* Even if appellant was in any way derelict in its duty *about delivering the goods after they reached Jackson,* such dereliction is not sued for and is outside of the declaration.

The court below erred in overruling appellants' demurrer to the declaration. It does not show when the Alabama & Vicksburg Railway Company received the freight or the car containing it. It is true that the declaration avers that by the joint negligence of the Mobile & Ohio Railroad Company and the Alabama & Vicksburg Railway Company, the car was dealyed, but there is no averment or charge that the two railroad companies were partners, or had any connection whatever with each other. A mere charge of negligence against two parties, without showing that they were under joint obligation, were partners, or in some way responsible each for the obligation of the other, is not a sufficient averment in the declaration to make it a cause of action against either. Facts must be pleaded. In this case, so far as the negligence is concerned, no facts are stated, and the demurrer should have been sustained.

When we come to look at the facts, we find that Mitchell & Company claim to have been the sales agents at Jackson of Pounder & Company, the plaintiffs. It will be noticed that it

is quite difficult to determine from the record whether Mitchell is to be treated as a purchaser of the ties or as the agent of Pounder to sell them to other persons. *One thing is certain, Mitchell & Company were not both the selling agents of the plaintiffs so far as concerns these ties, and at the same time the purchasers of the ties from the plaintiffs.* The judgment in this case is predicated of the idea that Mitchell was the purchaser of the ties, but at the same time, the learned court below seems to have treated him as the agent of the plaintiffs, to whom notice should have been given of the reception of the ties at Jackson, in order to hold the railway company negligent in not delivering the ties earlier than upon the date upon which they were delivered. We insist that Mitchell & Company must stand in the one position or the other. If Mitchell was the purchaser of the ties, then the railway company was not negligent in failing to notify him or his company that the car of ties consigned to appellees had been received. If, on the other hand, Mitchell & Company were the selling agents of the plaintiffs, then the case must fail as against the railway company, because there was no sale of the ties by the plaintiffs, and consequently no loss sustained which they would not have sustained had the ties been delivered ten days before they were, since a man's loss who holds property unsold during a depreciating market must fall upon himself. It will be observed that the declaration avers that plaintiffs had sold the car of ties to Mitchell & Company of Jackson, and a judgment could not rightfully be rendered against the railway company which had for its basis a fact negatived by the declaration. When the court below, therefore, went off on the idea that Mitchell & Company ought to have been given notice as Pounder's agents that a car load of ties had reached the station, it went in the face of the declaration itself, because by the terms of the declaration Mitchell & Company were not the agents of the plaintiffs, but the purchasers of the ties from them.

The court below held that the company was derelict in not informing Mitchell that car 16,071 had reached Jackson, and that, too, when Mitchell had made no inquiry for such car, but had specifically, as he himself testified more than once, inquired for a car of a different number. This is where the court below went outside of the declaration, and gave the erroneous judgment which it rendered upon the misconception that Mitchell was the agent of the plaintiffs, that the railway company knew through its officials that Mitchell was the plaintiff's agent, and that it was guilty of negligence in not informing Mitchell of the arrival of car No. 16,071. To treat Mitchell as the agent of the plaintiffs is to ignore the charges on the subject in the declaration, and to give plaintiffs a recovery against the facts averred by them as the basis of their suit.

The judge below allowed himself to be confused, and, in order to reach the conclusion culminating in the judgment appealed from, treated Mitchell & Company as agents to whom notice should have been given, under all of the facts and circumstances of the case, when they were not agents in any sense. And further on the learned judge inconsistently adopted the idea that Mitchell & Company were purchasers of the ties in question, the judgment appealed from being predicated of both ideas. That Mitchell & Company were the purchasers was assumed to show a loss, and that Mitchell & Company were the agents of the plaintiffs was assumed in order to adjudge that notice should have been given them of the reception of a different car from the one for which they inquired.

*Watkins & Easterling,* for appellees.

We claim that this case is simply one of disputed facts, and these facts having been determined in our favor by the judgment of the court, they will not be reviewed in this tribunal. *Dickson* v. *Vook,* 47 Miss., 220; *Walker* v. *Walker,* 67 Miss., 533.

These facts are established:

1. That it was the custom of the A. & V. R'y Co. to notify consignee if they knew him, and if not, to notify his agent or person who was in the habit of receiving freight.

2. That Mitchell & Company were either the sales agents of Pounder & Company or they were the persons in the habit of receiving the freight.

3. That the A. & V. R'y Co. had been in the habit of notifying Mitchell & Company that J. M. & C. B. Pounder's freight was on the track.

4. That Mitchell called and inquired at various and sundry times, between August 31 and September 8, to ascertain if the appellant had any ties on its tracks for Pounder & Company.

Considerable doubt arises in the authorities as to whether or not it is the duty of the common carrier to notify a consignee of the arrival of goods. Some authorities contend one way and some another. However, it is not necessary for the court to pass upon this question, since all authorities agree and our court holds that where there is an established custom, that either the consignee or his agent shall be given notice, and the liability as carrier is not ended until notice is given. *Railroad Co.* v. *Tyson,* 46 Miss., 729; *Railroad Co.* v. *White,* 88 Ga., 814; *Frank* v. *Grabd,* 57 Mo. App., 181; *Railroad Co.* v. *Cotton,* 29 Ind., 498; *notes to McKinney et al.* v. *Receiver,* 90 N. Y., p. 267.

"Where it appears that the consignee of goods demanded their delivery several times and the carrier, without sufficient excuse, failed to deliver them, and the goods were afterwards destroyed by fire, the carrier was liable for the goods destroyed." *Railroad Co.* v. *Arms,* 15 Neb., 69; *Railroad Co.* v. *McGuire,* 79 Ala., 395; *Central Trust Co.* v. *Railroad Co.,* 70 Fed., 764; *Railroad Co.* v. *Morrison,* 55 Am. Rep. 252.

Courts will not set aside verdicts on grounds of variance, unless parties have been misled in making their defense, and appellant was not misled, but had witnesses on hand, in order

to meet the very case that we made, and there is not one intimation in the record that appellant was surprised at or misled by the testimony of the plaintiffs in the court below in reference to their contractual relations with Mitchell & Company. Upon the other hand, it is testified by Mitchell, and absolutely undisputed, that appellant knew exactly the kind of business he was carrying on with Pounder & Co. Code 1892, § 1718.

And certainly the appellant was not misled in making defense. That being true, the variance, if any variance there was, was immaterial and harmless as to the defendant, and being harmless to the defendant, and its liability having been the same, it certainly affords no justification for reversal of the judgment of the court below.

The appellant's attorneys, in their brief, spend much time upon this point: They say that the declaration charges an unreasonable delay in the shipment of the ties, the proof shows, if anything, an unreasonable delay in delivering the goods after they reached Jackson.

Now, in reply to that, we will say, that in accordance with the authorities which we cited above, the delay in delivering the goods after they reached Jackson, that is to say the failure to notify Mitchell & Company or the failure to tell Mitchell & Company that the goods were there, was part of the shipment of goods, that is to say, it is as much a breach of a carrier's duty in the shipment of goods to fail to notify the consignee, where the custom is to give notice is shown, or failure to tell the consignee that his goods are there when he called, as it is to delay the goods in transit.

The declaration alleged that the defendants were negligent in that they unreasonably delayed the shipment, which is sufficiently definite, it not being necessary for us to say why they delayed it, as those are facts which lie exclusively within the the knowledge possibly of the defaulting carrier. So that when we informed them that they were negligent in that they delayed

this shipment of ties unreasonably, the allegation is sufficiently definite; and besides all this, all of the authorities hold that a general allegation is all that is necessary anyhow, and upon this point we submit the following authorities: *Railroad Co.* v. *Blount,* 24 Ill. App., 438; *Lucas* v. *Wattles,* 49 Mich., 380; *Company* v. *Crick,* 47 Ind., 368; *McGongle* v. *Kane,* 20 Cal., 292; *Railroad Co.* v. *Vincent,* 58 Neb., 171; *Railroad Co.* v. *Walker,* 113 Ind., 196; *Homer* v. *Myer,* 100 Cal., 592; *Rail- road Co.* v. *Davis,* 9 So., 252; *Railroad Co.* v. *Lazerus,* 6 So., 877; *Lachems* v. *Adams Ex. Co.,* 72 Mo. App., 13; *McKanley* v. *Davidson,* 10 Minn., 418; *Keokuk* v. *Packing Co.,* 82 Mo., p. 40; *Peck* v. *Weeks,* 34 Conn., 145; *Railroad Co.* v. *Wind- heim,* 12 S. Western, 109.

TRULY, J., delivered the opinion of the court.

This case was tried in the court below before the judge, a jury being waived. So far as material to the decision of this litigation, the facts are as follows: On August 8, 1901, Mitch- ell & Co., who were the sales and distributing agents of the ap- pellees, Pounder, effected a sale of a quantity of cotton ties at $1.18 per bundle. The appellees ordered these shipped, and accordingly 1,000 bundles of ties were shipped from Charlotte, N. C., on the 19th of August, 1901, and delivered to the Sea- board Air Line car No. 11,155, and consigned to J. M. & C. B. Pounder, at Jackson, Miss., to shippers' order, draft and bill of lading attached, sent to one of the banks in Jackson, to be taken out on receipt of goods by Mitchell & Co. Car No. 11,155 was damaged in transit, and on the 23d of August, 1901, the Mobile & Ohio Railroad Company, at Montgomery, Ala., refused to accept that car, and thereupon the ties were re- loaded into Seaboard Air Line car No. 16,071, but the Mobile & Ohio Railroad Company accepted this car under the original waybill. When car No. 16,071 reached Meridian, the Alabama & Vicksburg Railway Company, appellant, refused to accept

the car under the defective waybill, and demanded that it should be corrected. This was done, and the car No. 16,071 reached Jackson on the 31st of August, 1901, the same day that it was received by the appellant company at Meridian. According to the well-established and undisputed custom of the railroad company, and in its usual course of business, which requires the consignee to be notified of the receipt of freight, the railroad agent notified J. M. & C. B. Pounder by postal card, through the mail, but did not notify Mitchell & Co., who were known to the railway company to be the agents and representatives of appellees. On each day from September 1st to September 6th Mitchell asked, in person, at the depot of appellant, whether car No. 11,155, loaded with cotton ties for Pounder, had been received. The answer in each case was that it had not, Mitchell also testifies that he asked the agent of the company if there were any other ties for Pounder, and received the same reply. The proof showed further that the sale of the ties had been effected to various parties by Mitchell & Co. at the figure named heretofore, to wit, $1.18 per bundle, but that, on account of the delay in the shipment, the price of ties had declined to such an extent that Mitchell's vendees refused to accept. It further appears that, if the ties had been received by Mitchell on or prior to September 5th, he could have disposed of the ties at the figures named. Upon the trial it developed that when Mitchell by his own examination of the cars upon the track, found the car No. 16,071, he immediately made an investigation, which resulted in a few hours in ascertaining the cause of the mistake, but this discovery was made too late to carry out the sale as originally made. One of the members of the firm of Pounder came to Jackson shortly thereafter and succeeded in disposing of the ties, through Mitchell & Co., at 92 1-2 cents per bundle. A judgment was given for $250 for plaintiffs, this being the difference between $1.18, the original price agreed upon, and 92 1-2 cents, the price which Pounder was able to obtain in the

open market, all other claims for damages being disallowed. On the trial before the judge, all the facts were thoroughly investigated, and were decided by him adversely to the railway company. On appeal, three points are urged as error:

First. It is contended that the demurrer to the declaration should have been sustained, because of the failure to state the facts upon which the negligence of the railroad company is based. We think that the demurrer was not well taken, and was therefore properly overruled. It is not necessary that the declaration should detail the evidence by which the plaintiff expects to make out his case. The declaration avers an unreasonable and long delay in the shipment of the ties, and that this was negligence in the railroad company, and that damages to plaintiffs resulted therefrom. We think this charge, together with other facts set out in the declaration, sufficient in the case at bar.

Second. It is urged that the delay complained of was not in the shipment, but after the freight arrived at its destination, and therefore, under this declaration, the railroad company is not liable. It is true that, in point of fact, the delay occurred at the depot in Jackson after the car had arrived here, but we prefer to align ourselves with those authorities which hold that the duty of the carrier is not completed until consignee has been notified of the arrival of the freight. More especially is this the rule where, as in this case, a universal and well-understood custom to that effect is in force. Upon that branch of the case the case of *New Orleans, J. & G. N. R. Co.* v. *Tyson,* 46 Miss., 729, is decisive. It is contended by counsel for appellant that, even recognizing this rule, still it was complied with in this case by the notification which was sent by mail to Pounder. We think not. The fact that Mitchell, who was known to be the agent of Pounder, daily asked for cars of ties consigned to Pounder, was sufficient to put the railway company on notice, and it was negligence in its agents not to have notified him that

a car of ties was there, consigned to Pounder. The appellant cannot shield itself with the argument that there was a difference in the number of the car for which Mitchell asked and the car which had been actually received in Jackson. The ties were the material thing that Mitchell was inquiring about. The car was simply the vehicle in which they were expected to arrive. Especially was it negligence in the railroad company not to inform Mitchell that the car had arrived, because the company had actual knowledge, through its agent at Meridian, that this was the same shipment of ties that had originally been shipped in car No. 11,155, and the railroad company had actual knowledge of the change of cars containing the shipment, because the waybill had been corrected, at its demand, to show the change. Undoubtedly, therefore, it was negligence of the railroad company which produced any loss entailed upon Pounder.

The third proposition which is contended for by counsel for appellant is, that the declaration avers that the sale was made by Pounder to Mitchell, while the proof upon the trial showed —so they contend—that the sale was made not to Mitchell, but by and through Mitchell & Co., as the sales agents and representatives of Pounder. Granted that this is so; how can it affect the liability of the railroad company? The point at issue is not to whom the sale was made, but were Pounder & Co. damaged by the negligence of the appellant? If it be granted that there was a variance between the allegation in the declaration and the proof upon the trial, the railway company had its remedy at that time to plead variance; and, if it appeared that it had been misled in any wise, it is not to be doubted that the plaintiffs would have been allowed to have amended their declaration upon proper terms. Code 1892, § 718. But the record shows that the appellant was not misled. The case was fought out upon its merits. The point of a variance cannot now be raised for the first time. *Greer* v. *Bush,* 57 Miss., 576. The judge

found the facts against the appellant, and we find no error in law.

*The judgment is affirmed.*