GULF & CHICAGO RAILROAD COMPANY *v.* FUQUA HORTON.

1. CARRIERS. *Liability for freight. Notice of arrival.*

    The liability of a common carrier of goods as carrier continues until a reasonable time for their removal has elapsed after the carrier gives the consignee notice of their arrival at the point to which they were shipped.

2. SAME. *Custom not to give notice.*

    A custom of a common carrier not to give notice to the consignee of the arrival of goods will not terminate its liability as carrier, but the same will continue until such notice is given.

FROM the circuit court of Pontotoc county.

HON. EUGENE O. SYKES, Judge.

Horton, appellee, was plaintiff, and the railroad company, appellant, was defendant in the court below. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Appellee was a merchant doing business about seven miles from Pontotoc, Mississippi. He purchased a bill of goods in Memphis, which was shipped to Pontotoc on the 4th of February, 1903, and on the 14th of February, 1903, the railroad depot at Pontotoc was destroyed by fire, and this bill of goods was destroyed in the fire. No notice was given to plaintiff of the arrival of the goods at Pontotoc. There was evidence to show that there was a custom of appellant company not to

give notice to consignees of the arrival of freight.    The court below gave a peremptory instruction for plaintiff.

*J. W. T. Falkner,* and *Fountaine & Fountaine,* for appellant.

The appellant in this cause is not liable as a common carrier, but could only be made liable as warehouseman.    The goods reached their destination on the 7th day of February, 1903.    While there is some conflict in the evidence, our contention is that at the time of the arrival of the goods and the burning of the depot, there was no law in this state requiring such notice to be given; on the contrary, it was the law that notice to consignees by railroads of the arrival of freight depends upon the custom of the company.    *New Orleans, Etc., R. R. Co.* v. *Tyson,* 46 Miss., 729.

The proof is clear and uncontradicted that there was no custom of appellant to give notice to consignees of the arrival of freight.

*Mitchell & Fletcher,* for appellee.

Until the consignee has been notified of the arrival of the goods, the liability of the transportation company continues to be that of a common carrier.    We are, of course, aware of the great diversity of opinion on this question in the courts of the several states, and admit that until recently the course of the Mississippi courts was problematical.    But since the rendition of the opinion in the recent case of *Alabama & Vicksburg R'y Co.* v. *Pounder,* 82 Miss., 568 (s. c., 35 So. Rep., 155), we think the question has been removed from the field of speculation.    It is true that the exact point was not directly involved, and was perhaps not squarely before the court, but the clear and unmistakable language of the opinion stating that this court preferred to ally itself with those states holding that notice is necessary, leaves no room for doubt that the so-called New Hampshire rule has been adopted in this state.

Argued orally by *R. V. Fletcher,* for appellee.

TRULY, J., delivered the opinion of the court.

The liability of a railroad company as a common carrier does not terminate until the freight has reached the point of destination in good order, notice of its arrival has been given to the consignee, and a reasonable time allowed for its removal. This is the law, irrespective of any custom on the part of railroad companies. *Alabama & V. Railway Co.* v. *Pounder,* 82 Miss., 568 (s. c., 35 South., 155). There is no merit in the contention that, as the loss occurred prior to the decision in that case, the appellant is not liable. In the instant case the undisputed proof is that no notice was given appellee of the arrival of his freight. There was, therefore, nothing for the jury to pass upon, and the peremptory instruction was properly granted.

*Affirmed.*